UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT DUNN,

                                 Plaintiff,

     vs.                                                                 9:21-CV-905 (GTS/ATB)

SGT. SCHADEL, et al.

                                 Defendants.

---

ROBERT DUNN, Plaintiff pro se
AIMEE COWAN, Asst. Attorney General, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

    In this civil rights action, plaintiff alleges that his constitutional rights were violated while he was incarcerated by the New York State Department of Corrections and Community Supervision ("DOCCS") at Fishkill Correctional Facility ("Fishkill"). (Dkt. No. 1, "Compl.").[1] Presently before the court is defendants' August 31, 2022 motion to dismiss plaintiff's complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), based, *inter alia*, on plaintiff's failure to comply with the court's directives, communicate with the court and opposing counsel, or update his contact information, for a period of several months. (Dkt. No. 27). This motion has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). Based on the motion to dismiss, and plaintiff's subsequent failure to respond to the motion, to

---

    [1] Following initial review of plaintiff's complaint, the only surviving claim is based on an allegation of excessive force against two named defendants and several "John Doe" defendants. (Dkt. No. 7)

seek an adjournment, or to comply with this court's directive to confirm his contact information, the court recommends that this action be dismissed, with prejudice.

## I.     Relevant Background

During plaintiff's deposition on April 7, 2022, at Mohawk Correctional Facility, he testified that he had received mental health services related to his excessive force claim. (Cowan Att'y Decl., ¶ 4, Dkt. No. 27-1). On April 8, 2022, defense counsel forwarded a blank authorization to plaintiff for the release of his New York State Office of Mental Health ("OMH") records, which plaintiff refused to accept or return. (*Id.*) Counsel subsequently sent another letter, dated April 18, 2022, requesting, for a second time, that plaintiff execute the enclosed blank authorization for the release of his mental health records. (Id. at ¶ 5). The letter explicitly stated that if plaintiff did not provide an executed authorization, defendants would seek intervention from the court via a motion to compel. (*Id.*) When plaintiff again failed to respond, defense counsel requested that the court order plaintiff to execute an authorization allowing defendants to obtain his OMH records. (Dkt. No. 17). The court granted the defense motion, entering a Text Order on May 20, 2022, directing plaintiff to execute the authorization and return it to defense counsel. (Dkt. No. 18). The court warned plaintiff that failure to promptly comply with the Order could result in the imposition of sanctions, including the possible dismissal of his action. (Id.)

The Clerk attempted to serve the Text Order on plaintiff at his address of record at Mohawk, but that letter was returned indicating that plaintiff had been released from custody. (Dkt. No. 19). The Clerk confirmed, through the DOCCS online Incarcerated Lookup application, that plaintiff had been released to parole on May 23, 2022. (6/1/2022 Staff Note on CM-ECF).

2

On June 13, 2022, defense counsel filed a letter motion requesting that the court dismiss plaintiff's action, with prejudice, in accordance with Fed. R. Civ. P. 41(b). (Dkt. No. 20). The Court served a text notice on plaintiff at his listed address at Mohawk, directing him to file a response by July 5, 2022. That notice was returned to the court as undeliverable, given that plaintiff had been released from DOCCS custody. (Dkt. No. 21). Rather than granting defense counsel's renewed request to dismiss plaintiff's action for failure to prosecute (Dkt. No. 22), the court entered the following text order on July 14, 2022.

> Plaintiff's last known address, and address currently listed on the Docket Report for this action was Mohawk Correctional Facility. A search of the Inmate Information Database maintained by the New York State Department of Corrections and Community Supervision, using Plaintiff's Department ID Number (17-A-0886), reveals that the Plaintiff was discharged from DOCCS' custody to the Division of Parole on 5/23/2022. See N.Y.S. DOCS Inmate Population Information Search website at http://nysdocslookup.docs.state.ny.us (last visited 7/13/2022). Telephonic contact with the Division of Parole revealed that plaintiff is currently under the supervision of Parole Officer Smith of the Queens Area Parole Office, who last had contact with plaintiff on 7/8/2022. Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes IN WRITING. See N.D.N.Y.L.R. 10.1(c)(2). For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. Consequently, PLAINTIFF IS ADVISED THAT HE MUST FILE A CHANGE OF ADDRESS WITHIN 45 DAYS, AND HE MUST CONTINUE TO SUBMIT ANY ADDRESS CHANGES TO THE COURT AS LONG AS HIS ACTION IS PENDING. "FAILURE TO NOTIFY THE COURT OF A CHANGE OF ADDRESS IN ACCORDANCE WITH L.R. 10.1(C)(2) MAY RESULT IN THE DISMISSAL OF ANY PENDING ACTION." N.D.N.Y. L.R. 41.2(b). The Clerk shall serve a copy of this Order and a Change of Address form by regular mail on Plaintiff c/o Officer Smith, N.Y. State Division of Parole, 92-36 Merrick Blvd., Jamaica, NY 11433.

(Dkt. No. 23). The text ordered served on plaintiff's parole officer was not returned to the Clerk, and was apparently received at office of plaintiff's parole officer.

The plaintiff subsequently failed to update his address and has not communicated with the court or the Clerk's Office in any fashion. After the 45-day deadline for a response to the court's text order, defense counsel filed another motion to dismiss plaintiff's action for failure to prosecute. The motion was served on plaintiff care of his parole officer in Queens, in the absence of any other current contact information for plaintiff. (Dkt. No. 27).[2] Plaintiff did not respond to the defense motion by the response deadline, and defense counsel filed a reply on September 26, 2022, updating the basis for dismissal of plaintiff's action. (Dkt. No. 28).

## II. Motion to Dismiss - Failure to Prosecute

### A. Legal Standards

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Reid v. Russell,* No. 9:18-CV-44 (BKS/DJS), 2020 WL 1250427, at *1 (N.D.N.Y. Feb. 12, 2020), report recommendation adopted, 2020 WL 1245405 (N.D.N.Y. Mar. 16, 2020) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Rule 41.2(a) of the Local Rules of Practice for the Northern District of New York states " . . . the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."[3]

Notwithstanding the leniency with which pro se plaintiffs are treated by courts in

---

[2] The court confirmed, by telephone, with the New York State Division of Parole that plaintiff continued to be supervised in its Queens Office by Parole Officer Smith, as of October 14, 2022.

[3] Defense counsel's Memorandum of Law at 4 (Dkt. No. 27-2) cites a number of district court decisions in this Circuit which have found that delays of three months or less in litigation of an action weigh strongly in favor of dismissal for failure to prosecute.

4

this Circuit, a plaintiff has the duty to inform the court of any address change. "The demand that plaintiffs provide contact information *is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit*." *Allen v. Moreland*, No. 6:16-CV-6539, 2018 WL 3637467, at *1 (W.D.N.Y. July 30, 2018) (emphasis added) (quoting *Dumpson v. Goard*, No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004)). Local Rule 41.2(b) states that failure to notify the court of a change of address in accordance with Local Rule 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that in evaluating a motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b), a district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber,* 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). Dismissal is a harsh remedy to be utilized only in "extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Alvarez v. Simmons Mkt. Rsch. Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).

**B.   Analysis**

Applying the applicable factors set forth above, dismissal of plaintiff's action is clearly warranted. Plaintiff has neglected to update his contract information with the

5

court since his release from DOCCS custody on May 23, 2022. Moreover, plaintiff has failed to comply with orders of the court to execute written authorizations for release of his mental health records and to update his contact information. He has also failed to respond to the defense motion to dismiss and several prior communications from defense counsel. The court repeatedly warned the plaintiff that his failure to comply with court directives or to update his contact information could subject him to sanctions, including possible dismissal of his action.

The court recognizes that the plaintiff did not receive some of the communications from the court because he did not notify anyone of new contact information after his release from DOCCS custody.[4] However, the court made extraordinary efforts to try to locate plaintiff, by following up with the Division of Parole to identify his parole officer, and by ordering that plaintiff be served care of his parole officer, who apparently received mail related to his case. If plaintiff did not receive actual notice of the court's orders because of his failure to update his address, "responsibility for that miscommunication lies with him." *Wilson v. Doe 1-4*, No. 21-CV-5170, 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (collecting cases).

Plaintiff has not communicated with the court or with opposing counsel in this case since December 2021. His failure to respond to defense counsel's request for authorization to release plaintiff's OMH records, or the court's subsequent order that he provide such authorization, stymied counsel's efforts to complete discovery and

---

[4] Plaintiff filed a notice of change of address on December 1, 2021, when he was transferred by DOCCS from Fishkill to Mohawk. (Dkt. No. 13). Thus, plaintiff was clearly aware of his obligation to apprise the court of changes in his contract information, which obligation was also communicated to him via an Order Directing Administrative Closure served dated August 13, 2021 (Dkt. No. 4 at 3).

proceed to an adjudication of the merits of plaintiff's surviving claim. "'Where a Plaintiff has become inaccessible for months at a time, courts presume prejudice.'" *Henry v. Dinello*, No. 9:19-CV-1059 (DNH/TWD), 2021 WL 5334997, at *3 (N.D.N.Y. Oct. 25, 2021) (*quoting Caussade v. U.S.*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013)), report and recommendation adopted, 2021 WL 5332167 (N.D.N.Y. Nov. 16, 2021). *See also Muhammad v. Newton*, No. 20-CV-8343, 2022 WL 619916, at *3 (S.D.N.Y. Mar. 3, 2022) ("'as the salient events recede[ ] even [further] into the past,' defendants' ability to defend against the action is prejudiced") (*citing Rusza v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008)), report and recommendation adopted, No. 20-CV-8343, 2022 WL 1124849 (S.D.N.Y. Apr. 14, 2022).

The court has, as noted, made extraordinary efforts to notify plaintiff of his obligations to comply with the court's orders, to provide updated contact information, and to prosecute his action, and the consequences of failing to do so. After many months of unjustified delay due to plaintiff's inaction, the court's interest in managing my extensive docket warrants dismissal of plaintiff's action. *See, e.g., Anthony v. Lyons*, No. 9:18-CV-849 (GLS/CFH), 2021 WL 1701754, at *4 (N.D.N.Y. Apr. 12, 2021) ("[A] plaintiff's failure to "move the case toward trial" subordinates the plaintiff's interest in being heard to a court's interest in managing its docket") (citing *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020)), report and recommendation adopted, 2021 WL 1699858 (N.D.N.Y. Apr. 29, 2021).

Finally, the court has considered lesser sanctions and concludes that none would be feasible or effective. The plaintiff is indigent, so imposing a fine he likely could not afford to pay would be ineffective. *See, e.g., Muhammad v. Newton*, 2022 WL 619916,

7

at *4, ("'[a] monetary sanction would be futile given [Muhammad's] in forma pauperis status.'") (collecting cases).  In any event, given that plaintiff cannot be reached or has persistently refused to respond to the court, the imposition of lesser sanctions would not reach him or would likely be ignored.  *See, e.g., Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 122 (S.D.N.Y. 2016) ("Courts have consistently found that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed.")

Finally, as defense counsel argues in her reply brief (Dkt. No. 28), plaintiff's failure to respond to the motion to dismiss for failure to prosecute supports granting the motion.  "Under [NDNY] Local Rules, a party's failure to respond to a properly filed motion can constitute consent to the granting of that motion, so long as the court determines that the moving party has demonstrated its entitlement to relief."  *Maria Georgina C.T. v. Comm'r of Soc. Sec.*, No. 1:19-CV-467 (GLS), 2020 WL 3251186, at *1 (N.D.N.Y. June 16, 2020)(citing N.D.N.Y. L.R. 7.1(b)(3); *Herring v. Tabor*, No. 9:12-cv-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious'") (citation omitted)).  Given plaintiff's persistent unresponsiveness to opposing counsel and the court, defendants' motion to dismiss for failure to prosecute clearly demonstrates defendants' entitlement to the relief requested.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion to dismiss for failure to prosecute (Dkt. No. 27) be **GRANTED**, and that plaintiff's complaint be dismissed, with prejudice, and it is

**ORDERED**, that this Order and Report-Recommendation be served, by mail upon plaintiff c/o Officer Smith, N.Y. State Division of Parole, 92-36 Merrick Blvd., Jamaica, NY 11433.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 19, 2022

_____
Andrew T. Baxter
U.S. Magistrate Judge